**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHRISTOPHER YNOSENCIO
YSAIS,

        Plaintiff-Appellant,

v.

STATE OF NEW MEXICO,
JUDICIAL STANDARD
COMMISSION, as an Employee of the
State of New Mexico, and as an
individual; JAMES A. NOEL, in his
official capacity as Executive Director
of Judicial Standard Commission, and
Employee of the State of New Mexico,
and as an individual; DAVID S.
SMOAK, in his official capacity as
Chairman of the Judicial Standard
Commission, and Employee of the
State of New Mexico, and as an
individual; RANDALL D. ROYBAL,
in his official capacity as Deputy
Director/Chief of Staff Attorney of the
Judicial Standard Commission, and
Employee of the State of New Mexico,
and as an individual; BILL
RICHARDSON, in his official
capacity as Governor, and Employee
of State of New Mexico, and as an
individual; THE DISCIPLINARY
BOARD, as an Employee of the State
of New Mexico, and as an individual;
VIRGINIA L. FERRARA, as Chief
Disciplinary Counsel of the
Disciplinary Board, and Employee of
the State of New Mexico, and as an

No. 09-2109
(D.C. No. 1:08-CV-00449-JB-DJS)
(D. N.M.)

individual; SECOND JUDICIAL DISTRICT COURT, and as an individual; DEBORAH DAVIS WALKER, in her official capacity as an Employee of the Second Judicial District Court, and Employee of State of New Mexico, and as an individual; WILLIAM F. LANG, in his official capacity as an Employee of the Second Judicial District Court, and Employee of State of New Mexico, and as an individual; THIRTEENTH JUDICIAL DISTRICT COURT, and as an individual; NANCY COLELLA, in her official capacity as an Employee of Thirteenth Judicial District Court, and Employee of the State of New Mexico, and as an individual; STATE OF NEW MEXICO COURT OF APPEALS, and as an individual; A. JOSEPH ALARID, in his official capacity as an Employee of the Court of Appeals, and Employee of State of New Mexico, and as an individual; CYNTHIA A. FRY, in her official capacity as an Employee of the Court of Appeals, and Employee of State of New Mexico, and as an individual; CELIA FOY CASTILLO, in her official capacity as an Employee of the Court of Appeals, and Employee of State of New Mexico, and as an individual,

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined
(continued...)

Before **LUCERO**, **PORFILIO**, and **MURPHY,** Circuit Judges.

This is one of a number of cases filed by Christopher Ynosencio Ysais seeking to involve the federal courts in his state court child custody matters. The defendants he sued in this case were in many instances only tangentially involved with the underlying divorce and custody proceedings from which he alleged constitutional injury. They included state court judges, state agencies charged with disciplining attorneys and judges, and state officials. The district court dismissed Ysais's complaint, concluding that all the defendants were entitled to immunity and that he had failed to timely serve defendant Governor Richardson. He appeals.

In its well-reasoned Memorandum Opinion and Order dated March 31, 2009, the district court granted the defendants' motion to dismiss. It concluded that the state entities and their employees acting in their official capacities were immune from suit under the Eleventh Amendment; that the judges and the hearing officer Ysais sued were absolutely immune from suit; that Virginia L. Ferrera,

*(...continued)
unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Counsel for the Disciplinary Board, was entitled to absolute prosecutorial immunity; and that Ysais failed to effect proper service of process on Governor Richardson.

We review de novo (1) the district court's dismissal of Ysais's official capacity claims based on Eleventh Amendment immunity, *see Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007); (2) its grant of absolute immunity to the judges and hearing officer, *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994), and (3) its grant of prosecutorial immunity to the Disciplinary Board counsel, *see Arnold v. McClain*, 926 F.2d 963, 967 (10th Cir. 1991). We review dismissals for lack of timely service of process for an abuse of discretion. *Jones v. Frank*, 973 F.2d 872, 872 (10th Cir. 1992).

Ysais's briefing in this court presents many contentions that are irrelevant to the district court's determinations concerning immunity and service of process. Having reviewed his briefs with care, however, and construing them liberally in light of his pro se status, we discern the following arguments that may be relevant to the district court's decision: (1) whether judicial immunity barred his claims for equitable, declaratory, or injunctive relief; (2) whether the judges involved acted so plainly without jurisdiction that judicial immunity should have been denied; (3) whether judicial immunity is constitutional; and (4) whether he should have been permitted to amend his complaint. None of these arguments has merit.

## 1. Equitable, Declaratory, and Injunctive Relief

Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983. *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006). While judicial immunity does not necessarily foreclose declaratory relief in the appropriate case, Ysais fails to specify what form declaratory relief would take and his complaint cannot be read to request declaratory relief in the true legal sense. A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act. *See Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable."). We discern no cognizable claim for declaratory judgment against judicial officers in Ysais's complaint.

The Eleventh Amendment bars suits against state agencies, regardless of whether they seek damages or some other type of relief. *Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002). But it does not bar suits against a state officer in his official capacity that seek only prospective relief. *Chamber of Commerce v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010). Here again, however, Ysais's complaint does not seek any authentic prospective relief. The only forward-looking relief he seeks lies in his request that his state custody proceedings be removed to federal court. But the district court has already denied

that relief in a separate action by remanding Ysais's divorce proceeding to state court. We lack jurisdiction to review its decision to remand. *See* 28 U.S.C. § 1447(d).

Assuming prosecutorial immunity permits an exception for injunctive or declaratory relief, nothing in Ysais's complaint would justify awarding such relief. He complains that disciplinary counsel failed to act on or summarily rejected his complaints against various judges. It is plainly beyond the powers of the federal courts to order state disciplinary counsel to commence investigative proceedings. *See, e.g., Schroder v. Bush*, 263 F.3d 1169, 1175 (10th Cir. 2001) (noting that prosecutorial discretion is rooted in concept of separation of judicial and prosecutorial functions); N.M.R.A. 17-105 (outlining prosecutorial duties of chief disciplinary counsel). Ysais therefore fails to show any entitlement to prospective relief against disciplinary counsel.

### 2. Action in Absence of Jurisdiction

To overcome absolute judicial immunity, a plaintiff must demonstrate that a judge's actions were either outside the judge's judicial capacity or were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). Ysais's complaint fails to allege any such actions by the judges he has sued. While he complains that the state district court continued to adjudicate his divorce case even after he filed an appeal, the state court's action falls short of action taken in the complete absence of all jurisdiction. A judge

-6-

acts in the clear absence of all jurisdiction only when he "acts clearly without any colorable claim of jurisdiction." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990). Moreover, Ysais's arguments challenging the "domestic relations exception" to federal jurisdiction are frivolous.

### 3. Constitutionality of Immunity

Ysais argues that immunity is unconstitutional. He is wrong. Official immunity is inherently constitutional. *See Christensen v. Ward*, 916 F.2d 1462, 1465, 1472-73 (10th Cir. 1990) (affirming district court rationale upholding constitutionality of common law doctrine of immunity).

### 4. Amendment of Complaint

Ysais argues that the district court should have permitted him to amend his complaint. He does not disclose how he would have amended it to avoid the defendants' immunities or to circumvent the fact that he failed to serve the complaint on Governor Richardson. Federal courts may dismiss complaints under Federal Rule of Civil Procedure 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation omitted). The district court did not err by failing to permit Ysais to amend his complaint.

The judgment of the district court is AFFIRMED. All pending motions are DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge