**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KIP ANTONIO SMITH,

      Plaintiff - Appellant,

v.

CITY OF TULSA,

      Defendant - Appellee.

No. 10-5006
(D. N.D. Okla.)
(D.C. No. 4:09:CV-00446-TCK-PJC)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, and **TACHA** and **O'BRIEN**, Circuit Judges.

---

      After examining the briefs and the appellate record, this panel concludes that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Kip Antonio Smith, proceeding pro se,[1] appeals from the dismissal of his 42

U.S.C. § 1983 action against the City of Tulsa, Oklahoma (the City). He filed a request

to proceed *in forma pauperis* (*ifp*) on appeal, which we deny because he has not advanced

a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on

appeal.[2] We affirm the dismissal.

**I.**

In November 1998, following allegations Smith had sexually molested the half-

sisters of his two daughters, the State initiated a civil proceeding to terminate his parental

rights. The jury found "the two minor children in this case were deprived children" but

"they were not deprived based on sexual or physical abuse of a shocking and heinous

nature." *See Smith v. Dinwiddie*, 510 F.3d 1180, 1184 (10th Cir. 2007) (*Smith II*)

(quotations omitted). Nevertheless, the court subsequently determined termination was in

the best interests of the children and awarded sole custody to their mother.

While the civil case was pending, the State filed criminal charges of sexual abuse

of a minor against Smith based on the same conduct. A jury found him guilty. On direct

appeal, Smith claimed the criminal prosecution was barred by collateral estoppel. The

Oklahoma Court of Criminal Appeals (OCCA) rejected his argument. It determined the

State was not collaterally estopped from bringing criminal charges because "the issues

adjudicated in the civil case were not identical with those adjudicated in the criminal

---

[1] We liberally construe Smith's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] The district court also denied his request to proceed *ifp* on appeal certifying, "pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that Plaintiff's appeal is not taken in good faith." (R. Vol. I at 54.)

case." *Id*. at 1190 (quotations omitted); *see also Smith v. Oklahoma*, 46 P.3d 136, 138 (Okla. Crim. App. 2002) (*Smith I*).

Smith also argued the trial court erroneously allowed the State to present testimony as to the civil proceeding but refused to allow defense inquiry. The OCCA rejected this argument because any error "was cured when the trial court instructed the jury to disregard the evidence." *Smith I*, 46 P.3d at 138. On federal habeas review we held the OCCA's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. *Smith II*, 510 F.3d at 1190. Smith was released from custody on July 11, 2007, while his federal habeas case was pending.

On July 13, 2009, Smith filed a three page conclusory § 1983 complaint in federal court against the City of Tulsa alleging denial of due process and an abuse of process during his criminal trial and on his appeal to the OCCA. He also alleged the OCCA ruled on an insufficient record because it did not consider the full transcript of the civil proceeding when determining his criminal trial was not barred by collateral estoppel. The gravamen of his complaint is that he is entitled to damages because his conviction (which has never been overturned) was a result of constitutional errors.[3] The City filed a

---

[3] He alleged he "was denied his due process to the courts during his criminal trial and on appeal in which the courts discriminated against him and would only rule on his case under the wrong constitutional stand[ard] inserting the blockburger." (R. Vol. I at 5.) He also claimed:

> The State based it's [sic] case on a[n] insufficient record an[d] only looked at the Jury interrogatories from both trials. A complete record was made in 2005 an[d] not for review during Direct Appeal with the OCCA nor district Court reviewed the transcripts of the earlier proceeding. Their rulings, therefore, were based upon an insufficient record review[].

(*Id.* at 7.)

motion to dismiss Smith's complaint, claiming he failed to allege the City had any involvement in his prosecution or appeal and, therefore, it was not a proper party to the action.

Smith did not directly respond to the City's motion. Instead, he attempted to file an amended complaint, without leave of the court, naming "the Tulsa County Department of Human Services, Child Welfare Division, 'OU medical,' two Tulsa County District Judges, an attorney, other individuals whose positions or status are not set forth in the pleading, and the Oklahoma Department of Corrections" as defendants.[4] (*Id.* at 40-41.) The district court struck the amended complaint and granted the City's motion, concluding the City was not a proper party. It also concluded amendment of the complaint would be futile because his claims were barred by the doctrine of collateral estoppel.[5] Smith filed a request with the district court to proceed *ifp* on appeal. The district court denied his request; he renewed it here.

## II.

We review "*de novo* the district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), applying the same legal standard applicable in the district court." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Smith raises one issue on appeal: "[w]hether the doctrine of collateral estoppel prohibited [him] from arguing what is now

---

[4] The amended complaint is not part of the record on appeal, but as best we can divine it differs from his original complaint only in adding parties.

[5] The district court also prohibited Smith "from filing any further complaints . . . that contain the same or similar allegations as those set forth in his complaint in this matter or relating to the same subject matter." (R. Vol. I at 49-50.) Smith does not challenge this prohibition on appeal.

his civil action for money damages[,] not guilt or innocence." (Appellant's Opening Br. at 3.) Thus, construing his pleadings liberally, it appears he is challenging the district court's determination that any amendment to the complaint would be futile. "Although we review a district court's decision to deny a motion to amend a pleading for abuse of discretion, when the denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010) (quotations omitted).

"Collateral estoppel bars a party from relitigating an issue once it has suffered an adverse determination on the issue even if the issue arises when the party is pursuing or defending against a different claim." *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009). Four elements must be met: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Id.*

At bottom, the allegations in Smith's complaint challenge only the validity of his criminal conviction and appeal. These claims are identical to the claims decided by the OCCA and reviewed by this Court pursuant to 28 U.S.C. § 2254. *See Smith II,* 510 F.3d at 1190. From what we can gather from Smith's appellate brief, he argues collateral estoppel should not bar his claims against the City because he wants to show that "in

order to imprison him all part[ies] had to be acting in concert," a matter not pled.[6]

(Appellant's Opening Br. at 4.) In any event, whether the parties were acting in concert

makes no difference; his conviction and sentence have been determined to be valid.

Thus, the issues he does raise in his complaint are identical to those raised in the earlier

proceedings. Those issues were finally adjudicated in a decision adverse to Smith. And

his prior trial, appeal and habeas action provided a full and fair opportunity to litigate his

claims; they are not subject to reconsideration here. Consequently, all elements of

collateral estoppel are met and Smith's claims based on his criminal conviction are

barred.

While we have no quarrel with the district court's reasoning, Smith's claims are

barred for a separate, and perhaps more fundamental, reason. In *Heck v. Humphrey*, the

Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would,
> the complaint must be dismissed unless the plaintiff can demonstrate that
> the conviction or sentence has already been invalidated. But if the district
> court determines that the plaintiff's action, even if successful, will not
> demonstrate the invalidity of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in the absence of some
> other bar to the suit.

512 U.S. 477, 487 (1994). The allegations in Smith's complaint suggest only one source

of injury—his conviction, for which he claims damages. A judgment in his favor would

necessarily imply the invalidity of his conviction, but his conviction has not been

---

[6] He also appears to believe collateral estoppel cannot apply because he is now
seeking damages as opposed to a reversal of his conviction.

invalidated. Dismissal of the complaint was appropriate. And the same infirmity would extend to the other actors he sought to join, making such an amendment to the complaint futile.

Smith argues, for the first time in his appellate brief, the authorities removed his children from school without consulting him and the "detective division of the Tulsa police acted in concert with other agencies in its investigation." (Appellant's Opening Br. at 3.) Even were we to generously construe these statements to be an argument that he should be allowed to amend his complaint to state a claim based on the termination of his parental rights in the state civil action—and even if we ignore the fact he failed to raise this argument with the district court—amendment would be futile. Any action based upon a violation of his rights during the investigation surrounding the welfare of his children would be over ten years old. Nothing in the record indicates how Smith could jump the hurdle of the statute of limitations.[7] *See Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (a § 1983 claim arising in Oklahoma is subject to a two-year statute of limitations). Smith has failed to state any set of circumstances which would make an amendment of his complaint other than futile.

## III.

To proceed *ifp* on appeal, Smith "must show a financial inability to pay the

---

[7] Of course, the Tulsa County District Judges would be immune from suit. *Ysais v. New Mexico*, No. 09-2109, 2010 WL 1511403, at *1 (10th Cir. April 16, 2010) ("Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983.") (unpublished). Unpublished decisions are not binding precedent. 10th Cir. R. 32.1(A). We mention *Ysais* as we would any other non-precedential authority.

- 7 -

required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Anders v. California,* 386 U.S. 738, 744 (1967). We have reviewed Smith's motion to proceed *ifp* and solicitously construed his briefs in light of the district court record. His arguments are contrary to settled law and he makes no reasoned argument for modification of that law. In short, he has not presented reasoned, non-frivolous arguments in support of the issues raised on appeal. We deny Smith's motion to proceed *ifp* on appeal and remind him of his obligation to pay the filing and docket fees in full.

**AFFIRMED**. Smith's request to proceed *ifp* is **DENIED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge