**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THEODORE SWAIN,

      Plaintiff-Appellant,

v.

THOMAS SEAMAN, Receiver for the
assets of T. Swain, in his individual
and official capacity; SIXTH
JUDICIAL DISTRICT COURT
COUNTY OF LUNA, STATE OF
NEW MEXICO; GARY JEFFREYS,
an individual and in his official
capacity; DANIEL PARAMO, an
individual and in his official capacity;
KATHY BALAKIAN, an individual
and in her official capacity; EVA
SIMON, an individual and in her
official capacity; CLIFF BUSHIN, an
individual and in his official capacity;
JUAN LAGUNA, an individual and in
his official capacity; E.G. RECIDRO,
an individual and in his official
capacity; SAN DIEGO SUPERIOR
COURT, STATE OF CALIFORNIA;
CHARLES GILL, an individual and in
his official capacity,

      Defendants-Appellees.

No. 12-2147
(D.C. No. 1:12-CV-00491-JB-LAM)
(D.N.M.)

## ORDER AND JUDGMENT[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Theodore Swain's scheme to swindle real estate investors out of more than seven million dollars landed him a long term in a California prison. After Mr. Swain's conviction, a California court appointed Thomas Seaman to find any of Mr. Swain's assets he could, take possession of them, and sell them to pay restitution to Mr. Swain's many victims. In an effort to carry out his court-appointed orders, Mr. Seaman filed suit in New Mexico state court. He wanted a declaratory judgment confirming his authority as receiver to control any of Mr. Swain's assets found in that state. When Mr. Swain failed to respond to the lawsuit, the state trial court entered a default judgment for Mr. Seaman. But by Mr. Swain's telling, he couldn't present a defense to the lawsuit because his California prison library doesn't have any New Mexico law books. Mr. Swain appealed the default judgment to the New Mexico Court of Appeals arguing as much, but that court concluded Mr. Swain's excuse wasn't borne out by the

[*] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

record.  *See Seaman v. Swain*, No. 31,307, 2011 WL 6029679, at \*1 (N.M. Ct. App. Nov. 30, 2011), *cert. denied*, 132 S. Ct. 2724 (2012).

Now Mr. Swain is trying again in federal court, this time recasting his argument in constitutional terms.  In this 42 U.S.C. § 1983 suit against Mr. Seaman, various courts and court officials, as well as prison workers, Mr. Swain seeks to have the default judgment against him undone, Mr. Seaman removed as receiver, and compensatory and punitive damages awarded.  For its part, the district court dismissed Mr. Swain's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).  On appeal, Mr. Swain says we should reverse the district court's judgment because its rulings on subject-matter jurisdiction, mootness, and the merits were all wrong.

Whatever other problems lurk here, it is surely a problem that Mr. Swain's appeal neglects to address (let alone unseat) a number of other rulings by the district court, which altogether are more than enough to warrant dismissal of the case.  Because "[i]ssues not raised in the opening brief are deemed abandoned or waived," *Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) — even when the brief is by a *pro se* litigant, *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) — Mr. Swain's failure in this regard dooms his appeal.

For one, Mr. Swain nowhere contests the district court's conclusion that the *Rooker-Feldman* doctrine deprived it of authority to entertain his claims against

the California and New Mexico courts he sued. As the district court correctly noted, the *Rooker-Feldman* doctrine prohibits "state-court losers [from] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and [from] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And Mr. Swain's claims against the California and New Mexico courts are just the sort the *Rooker-Feldman* doctrine contemplates. With them, Mr. Swain in substance wants the district court to review and reject a pair of state court judgments — one appointing Mr. Seaman as receiver in California, the other declaring Mr. Seaman a receiver of Mr. Swain's New Mexico assets. That's a move the district court is powerless to make.

For another, Mr. Swain doesn't contest the district court's ruling that Mr. Seaman, Judge Gary Jeffreys, and Judge Charles Gill are all immune as a matter of law from his claims for damages. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *see also T & W Inv. Co. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978) ("[A] receiver who faithfully and carefully carries out the orders of his appointing judge must share the judge's absolute immunity."). Neither does he offer any response to the district court's conclusion that the Eleventh Amendment forecloses recovery against the State of California and the State of New Mexico. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180-81 (10th Cir. 2002). To be sure, Mr. Swain does mention (correctly) that courts generally recognize an exception to

- 4 -

Eleventh Amendment immunity for plaintiffs seeking prospective relief from state officials. *See Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1260 (10th Cir. 2002). But Mr. Swain forgets that Congress expressly disallowed injunctive relief against judicial officers "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. And Mr. Swain doesn't suggest either of these exceptions applies.

Finally, Mr. Swain ignores the district court's holding that it lacked personal jurisdiction over the defendants employed at his California prison. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) ("[A] district court may, in certain limited circumstances . . . dismiss under § 1915 for lack of personal jurisdiction . . . ."). Neither does he have any persuasive rejoinder to the district court's additional holding that Mr. Swain's request for injunctive relief from those defendants is constitutionally moot in any event. *See United States v. De Vaughn*, 694 F.3d 1141, 1157 (10th Cir. 2012) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). After all, the proceedings in New Mexico are over and Mr. Swain hasn't identified any other imminent need for access to that state's legal texts.

The judgment of the district court is affirmed. Mr. Swain's motion to

proceed without prepayment of costs or fees is denied.  Appellant is reminded that the unpaid balance of the filing fee is due immediately.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge