**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERT F. CATANACH,

        Plaintiff - Appellant,

v.

DAVID K. THOMSON, Judge, First
Judicial District Court,

        Defendant – Appellee.

No. 17-2089
(D.C. No. 1: 17-CV-00430-NF-KHR)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Albert Catanach's telecommunications company provides wireless internet service

---

[*] Oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  We have decided this case on the briefs.

    This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A).  Citation to unpublished decisions is not encouraged, but not prohibited. Fed. R. App. 32.1.  Citation is appropriate as it relates to law of the case, issue preclusion and claim preclusion.  Unpublished decisions may also be cited for their persuasive value.  10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation ‒ (unpublished).  *Id*.

to customers in and around Santa Fe, New Mexico. In 2015, he applied for a permit from the City of Santa Fe (City) to remove two existing rooftop telecommunications towers at his facility and consolidate them into one ground-level tower. The City informed him he needed a waiver from the City's Planning Commission because the location of the proposed ground tower violated the minimum property setback requirements. Catanach nevertheless built the new tower. According to him, the federal Spectrum Act required the City to approve his application because the new tower did not constitute a "substantial change" under the Act and, when it did not do so within the time allowed by the Act, his application was "deemed granted." *See* 47 U.S.C. § 1455(a)(1) ("[A] State or local government may not deny, and shall approve, any eligible facilities request for a modification of an existing wireless tower or base station that does not substantially change the physical dimensions of such tower or base station."); *see also* 47 C.F.R. § 1.40001(c)(4) ("In the event the reviewing State or local government fails to approve or deny a request seeking approval under this section within the timeframe for review (accounting for any tolling), the request shall be deemed granted. The deemed grant does not become effective until the applicant notifies the applicable reviewing authority in writing after the review period has expired (accounting for any tolling) that the application has been deemed granted.").

The City responded by filing a lawsuit in New Mexico state court to stop the construction. The case was assigned to the Honorable David Thomson. Catanach removed the case to federal court but the case was ultimately remanded to the state court.

Once back in state court, Judge Thomson issued a preliminary injunction enjoining Catanach from performing any additional work on the tower but allowing him to continue to operate the current equipment on the tower.[1] He also denied Catanach's motion for summary judgment, motion for recusal, motion for expedited hearing, and emergency motion to stay the preliminary injunction. Trial is currently set for May 2018.

Unhappy with these rulings, Catanach filed a pro se 42 U.S.C. § 1983 complaint against Judge Thomson in his official capacity alleging the judge violated his rights to due process and equal protection. He claimed Thomson erroneously (1) denied his motions without a hearing, (2) enjoined him from the free use of his property, (3) denied his motion for summary judgment, (4) failed to grant an expedited hearing and purposely set a jury trial for May 2018 to undermine his right to the free use of his property for over 500 days, and (5) failed to require the City to issue a surety bond with its application for an injunction. He also alleged Thomson did not address the Spectrum Act and his orders violated that Act.

Thomson moved to dismiss the complaint arguing, among other things, the Eleventh Amendment barred relief.[2] Catanach disagreed, claiming the *Ex parte Young*

---

[1] It is unclear from the record whether Catanach completely finished building the new tower prior to the City filing suit. In his amended complaint, he states he completed it yet Judge Thomson's preliminary injunction prohibited him from performing any additional work on it.

[2] Thomson also argued (and the district judge agreed) that, to the extent he was being sued in his individual capacity, he was entitled to judicial immunity. *See Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) ("Except where a judge has acted in the clear absence of all jurisdiction, the doctrine of judicial immunity shields that judge from

(Continued . . .)

exception to Eleventh Amendment immunity applied because he was seeking to enjoin

liability for the judge's official adjudicative acts.") (quotation marks omitted); *see also Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) ("Judicial immunity applies only to personal capacity claims.").  Catanach does not challenge this ruling on appeal, most likely because his complaint stated an official capacity claim only.

Thomson further argued dismissal was appropriate under the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  In doing so, he stated: "'A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"  (R. at 327 (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)).  According to Thomson, *Younger* abstention was appropriate because the state court proceedings are ongoing, the state court provides an adequate forum to hear Catanach's federal law claims, and the state proceedings implicate important states interests (zoning and property rights).

But the cases Thomson relied upon pre-date the Supreme Court's decision in *Sprint Communications, Inc. v. Jacobs*, --- U.S. ---, 134 S. Ct. 584 (2013).  In *Jacobs*, the Court significantly limited the reach of *Younger* to only ongoing (1) state criminal prosecutions, (2) civil enforcement proceedings akin to criminal prosecutions such as state-initiated disciplinary proceedings against a lawyer for violation of state ethics rules, and (3) civil proceedings implicating a State's interest in enforcing the orders and judgments of its courts such as state court contempt proceedings.  134 S. Ct. at 588, 591-92.  It also discounted reliance on the three factors outlined above:

> Divorced from their quasi-criminal context, the three . . . conditions would extend *Younger* to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest.  That result is irreconcilable with our dominant instruction that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the exception, not the rule.

*Id*. at 593 (citation and quotation marks omitted).

It is unclear whether this case involves one of the three "exceptional circumstances" in which a federal court should abstain from exercising its jurisdiction.  *Id*. at 594 (quotation marks omitted).  We need not decide the issue, however, because, as we will explain, dismissal was appropriate under the Eleventh Amendment and 42 U.S.C. § 1983.

Thomson's ongoing violation of federal law—his issuance of the preliminary injunction in violation of the Spectrum Act. *See Ex parte Young*, 209 U.S. 123 (1908). And, he claimed, that violation is ongoing because the injunction continues to prevent him from constructing the new tower without risking fines and jail time.

The district judge agreed with Thomson that Eleventh Amendment immunity applied. She rejected Catanach's attempts to frame his complaint as one seeking prospective relief for an ongoing violation of federal law. She reasoned:

> Essentially, Catanach disputes the correctness of Judge Thompson's legal ruling. The relief requested in Catanach's Amended Complaint would require the Court to consider the merits of Judge Thompson's ruling and make a determination about whether that ruling complied with the Spectrum Act. In reality, Catanach is asking this Court to issue an appeal of Judge Thompson's grant of a preliminary injunction to the City of Santa Fe. This is not a request for prospective relief, but relief from past harms. Catanach is clearly asking this Court to provide injunctive relief based on Judge Thompson's past acts. The requested relief is anything but prospective relief. Because Catanach is seeking relief for past harms, his claims are not allowed under the *Ex parte Young* doctrine.[3]

(R. at 390.)

Catanach says the Eleventh Amendment does not bar his case. He insists he is not requesting damages for past wrongs or seeking to re-litigate the state court case. Rather, he seeks prospective relief for an ongoing violation of federal law—to enjoin Thomson from enforcing the preliminary injunction because that injunction violates the Spectrum Act and continues to harm him. He again relies on the *Ex parte Young* exception to Eleventh Amendment immunity.

---

[3] The district judge misspelled Thomson.

Our review is de novo.  *Reames v. Okla. ex rel. OK Health Care Auth.*, 411 F.3d 1164, 1167 (10th Cir. 2005).  Because Catanach is proceeding pro se, he is entitled to a liberal construction of his pleadings.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  We will not, however, serve as his advocate.  *Id*.

"States enjoy sovereign immunity from suit under the Eleventh Amendment." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).  "But [that] immunity is not absolute."  *Id*.  Under *Ex parte Young*, "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."  *Id*.; *see also Quern v. Jordan*, 440 U.S. 332, 337 (1979) (under *Ex parte Young*, "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law.").  To determine whether "*Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quotation marks omitted).  "[T]he exception is narrow: It applies only to prospective relief, [and it] does not permit judgments against state officers declaring that they violated federal law in the past . . . ." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

With one exception, Catanach sought relief from past harms, i.e., relief from Thomson's past rulings on his motions for recusal and for summary judgment and his

failure to grant an expedited hearing or to require the City to issue a surety bond with its application for an injunction. The district judge was correct—these claims do not allege an ongoing violation of federal law and the *Ex parte Young* exception to Eleventh Amendment immunity does not apply.

Thomson's issuance of the preliminary injunction, however, is different. Although it was issued in the past (November 16, 2016), its effects are ongoing. And Catanach alleges a continuing violation of federal law and seeks to enjoin Thomson from enforcing the injunction. At first blush, this seems to satisfy the "straightforward inquiry" necessary to invoke the *Ex parte Young* exception, but it can't carry the day. We need not definitively decide that issue because dismissal of this claim was appropriate on a different ground. *See Stickley v. State Farm Mut. Auto. Ins. Co.*, 505 F.3d 1070, 1076 (10th Cir. 2007) ("[W]e may affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.") (quotation marks omitted).

Section 1983 expressly disallows injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that injunctive relief against a judicial officer shall not be granted unless a declaratory decree was violated or

- 7 -

declaratory relief was unavailable.") (citations and quotation marks omitted); s*ee also*

*Swain v. Seaman*, 505 F. App'x 773, 775 (10th Cir. 2012) (unpublished) ("To be sure,

Mr. Swain does mention (correctly) that courts generally recognize an exception to

Eleventh Amendment immunity for plaintiffs seeking prospective relief from state

officials.  But Mr. Swain forgets that Congress expressly disallowed injunctive relief

against judicial officers unless a declaratory decree was violated or declaratory relief was

unavailable.") (citation and quotation marks omitted); *Ysais v. New Mexico*, 373 F. App'x

863, 866 (10th Cir. 2010) (unpublished) ("Judicial officers are explicitly immunized not

only against damages but also against suits for injunctive relief under 42 U.S.C. §

1983.").  Catanach has not alleged Thomson violated a declaratory judgment or that

declaratory relief was unavailable.[4]  His claim for injunctive relief is barred by the statute

---

[4] Section 1983 does not preclude declaratory relief against a judicial officer.  *See*
*Lawrence v. Kuenhold*, 271 F. App'x 763, 766 & n.6 (10th Cir. 2008) (unpublished).  In
addition to seeking to enjoin Thomson from enforcing the preliminary injunction,
Catanach's complaint requested a ruling related to the Spectrum Act's deemed granted
provision and the statute of limitations.  But, in his opening brief, he explains: "While
[he] . . . did request a ruling on the Spectrum Act, it was to determine if a Federal Law is
being violated which would allow the court to assume jurisdiction."  (Appellant's Op. Br.
at 2.)  And throughout his brief, he specifically states he is seeking "prospective
injunctive relief" and explicitly asks that we "remand with instructions to enter a
preliminary injunction on [his] behalf."  (*Id*. at ix, 2, 3, 11, 16, 28, 37.)  Indeed, he
expends much energy in his brief arguing why he satisfies the requirements for injunctive
relief and even suggests Thomson consented to the issuance of an injunction by not
timely responding to his motion for preliminary injunction.  Therefore, we construe his
complaint as seeking injunctive relief only, which is barred under § 1983.  However,
even if his complaint could be construed as also seeking declaratory relief, he has waived
any argument that dismissal of his request for declaratory relief was improper because he
did not raise the argument in his opening brief.  *See Toevs v. Reid*, 685 F.3d 903, 911
(10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed

(Continued . . .)

itself.[5]

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

waived."). We have enforced this rule even against pro se litigants like Catanach. *Id.; see also Rivers v. Hartmann*, 499 F. App'x 786, 789 (10th Cir. 2012) (unpublished).

[5] The district judge relied on § 1983 in denying Catanach's motion for temporary restraining order. However, she did not rely on it in dismissing his official capacity claim against Thomson. Catanach sought reconsideration of the denial of his motion for temporary restraining order, relying on *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) ("We conclude that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."). However, as the judge explained, "Congress effectively reversed *Pulliam* with the enactment of the Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, 110 Stat. 3847 (1996)" (amending 42 U.S.C. § 1983 to preclude injunctive relief against judicial officers acting in their judicial capacity unless a declaratory decree was violated or unavailable). *See Lawrence*, 271 F. App'x at 766 n.6.