**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANESH RAHIMI,

    Plaintiff - Appellant,

v.

SCOTT SWEAT, MCKAY KING, Hon. O.
LANE MCCOTTER,

    Defendants - Appellees.

No. 17-4167
(D.C. No. 2:16-CV-00874-CW-DBP)
(D. of Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Dr. Danesh Rahimi, proceeding pro se, appeals the district court's order

dismissing his request for injunctive relief against defendants Scott Sweat, McKay

King, and Judge O. Lane McCotter.  Exercising jurisdiction under 28 U.S.C. § 1291,

we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R.
App. P. 32.1 and 10th Cir. R. 32.1.

## I.

On or about February 28, 2013, Plaintiff-Appellant Dr. Danesh Rahimi purchased a hotel condominium, marked on the door as unit 107, at the Zermatt Resort in Midway, Utah. Dr. Rahimi owned unit 107 for over a year without incident; at some point, however, it was discovered that the numbering of the units on the original plat to the Resort did not correspond with the numbering on the unit doors. As a result, affected owners are uncertain of whether they possess clear title to the units in which they reside. A group quiet title action involving the owners is ongoing in Wasatch County District Court to resolve the confusion generated by the errors.

Outside the quiet title action, Dr. Rahimi pressed the claim that he actually owned unit 207, which was occupied by another individual. After the Resort refused to give him keys to unit 207, Dr. Rahimi contacted the Wasatch County Sheriff's Office in August 2014, making several complaints of criminal wrongdoing by both the occupier of unit 207 and the Resort. The Sheriff's Office referred the complaints to the Wasatch County Attorney's Office. Deputy Wasatch County Attorney McKay King wrote to Dr. Rahimi, informing him that his complaints were civil in nature and could "not be prosecuted under the criminal standard of proof beyond a reasonable doubt."

Dr. Rahimi sued King and Wasatch County Attorney Scott Sweat in Wasatch County Justice Court, and the cases were assigned to Judge O. Lane McCotter. Because the cases involved allegations against Wasatch County employees, Judge

McCotter transferred the cases to Utah County Justice Court. In a separate action by Dr. Rahimi against the owner of unit 207, Judge McCotter ruled against Dr. Rahimi and dismissed the case without prejudice.

Subsequently, Dr. Rahimi filed the present civil rights complaint under 42 U.S.C. §§ 1983 and 1985[1] in the Third Judicial District Court of Salt Lake County, Utah against King, Sweat, and Judge McCotter. Defendants removed the case to federal district court. The case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Dustin B. Pead under 28 U.S.C. § 636(b)(1)(B). Dr. Rahimi alleged in his complaint that he was the "victim of bait and switch by a group of people in Midway[,] Utah." He contended that defendants King and Sweat violated his civil rights by "deny[ing]" his property rights and refusing to assist him in obtaining possession of unit 207. He further alleged that Judge McCotter "ignored" his case and deprived him of his rights by "allowing trespassing." Essentially, Dr. Rahimi requested an order demanding defendants take action regarding his trespassing allegations and help him gain possession of unit 207.

---

[1] Section 1985 prohibits a conspiracy to interfere with civil rights. *See* 42 U.S.C. § 1985. The district court noted that "at oral argument, Dr. Rahimi acknowledged that he did not bring a conspiracy claim in this case." Whether or not Rahimi abandoned the § 1985 argument below, Rahimi has waived any right to pursue it on appeal. Although Rahimi's opening brief contains a passing reference to his § 1985 claim, he does not develop any argument related to that claim, or take issue with the district court's assertion that the claim was dropped at oral argument. Any arguments related to the § 1985 claim are therefore waived. *See, e.g.,* *Fuerschbach v. Southwest Airlines Co*, 439 F.3d 1197, 1209–10 (10th Cir. 2006) (underdeveloped and inadequately briefed arguments are waived).

District Judge Waddoups construed the complaint as a claim that defendants violated Dr. Rahimi's Fourteenth Amendment rights by depriving him of property without due process of law. Judge Waddoups adopted Magistrate Pead's recommendation that absolute judicial and prosecutorial immunity shielded defendants from any claim for damages. Judge Waddoups noted that Dr. Rahimi "disavow[ed] any request for monetary damages," perhaps mooting the issue. Nevertheless, Judge Waddoups found that absolute immunity protected defendants because their actions "about which Dr. Rahimi complains were within or intimately associated with the judicial process" (citing *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) ("A judge acting in his judicial capacity is absolutely immune from [suits for damages], unless the judge acts clearly without any colorable claim of jurisdiction. A prosecutor is absolutely immune for activities which are intimately associated with the judicial process such as initiating and pursuing a criminal prosecution.") (citations and quotations omitted)). Dr. Rahimi reiterates to this court that his requested remedy does "not include monetary damages," but "only injunctive relief." Aplt. Br. at 4, 5. Because Rahimi now unequivocally states that he seeks only injunctive relief, we need not address Judge Waddoups' ruling that the defendants are immune from money damages.

Additionally, Judge Waddoups ruled that Dr. Rahimi's claim for injunctive relief failed because (1) Dr. Rahimi could not show that he had a legitimate claim of entitlement to the property at issue, and (2) defendants did not act to deprive Dr. Rahimi of his interest in the disputed property.

4

Dr. Rahimi filed a timely notice of appeal. We now affirm.

## II.

"We review a district court's grant of a summary judgment de novo, applying the same legal standard as the district court." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Dr. Rahimi is proceeding pro se, he is entitled to a liberal construction of his pleadings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). We will not, however, serve as his advocate. *Id.*

Section 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. Here, Dr. Rahimi contends that defendants violated his rights under the Fourteenth Amendment, which proclaims that "No State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). "Such entitlements are . . . created and their dimensions are defined by

5

existing rules or understandings that stem from an independent source such as state law." *Id.* (quotations omitted).

Additionally, "a plaintiff can [not] recover under § 1983 from a government official . . . without demonstrating that official violated his constitutional or statutory rights[.]" *Dodds v. Richardson*, 614 F.3d 1185, 1193–94 (10th Cir. 2010); *see also* Martin A. Schwartz, Section 1983 Litigation 91 (3d ed. 2014) ("The proximate cause requirement applies to all § 1983 claims[.]").

## III.

After careful consideration of the record, we agree with the district court that Dr. Rahimi has not demonstrated entitlement to injunctive relief under Section 1983. We express no opinion regarding whether Dr. Rahimi possesses a "legitimate claim of entitlement" to unit 207 such that his property interest is protected by the Fourteenth Amendment. *Roth*, 408 U.S. at 564. We note only that a group quiet title action is ongoing in state court to resolve the ownership interests of parties affected by the controversy at the Zermatt Resort. However, we are convinced that defendant Judge McCotter is immune from injunctive relief under Section 1983, and defendants Sweat and King did not deprive Dr. Rahimi of a property interest and therefore cannot be liable. *See Dodds*, 614 F.3d at 1193–94.

Dr. Rahimi requests "judicial recognition of his possessory rights to enter and occupy [unit 207], to be escorted to the premises by relevant county officers, and an apology." His claim against Judge McCotter cannot stand because of the clear language of section 1983: "in any action brought against a judicial officer for an act

6

or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted* unless a declaratory decree was violated or declaratory relief was unavailable" (emphasis added); *see also Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010) (unpublished) ("Judicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983."). Accordingly, judicial immunity shields Judge McCotter from Dr. Rahimi's request for injunctive relief.

As for defendants King and Sweat, Dr. Rahimi has not explained how they deprived him of his property interest. Dr. Rahimi does not allege that these defendants were involved in the unit-numbering dispute that is the basis of the alleged property deprivation. Rather, the defendants are county attorneys who declined to initiate criminal proceedings against individuals at the Zermatt Resort. In this action, Dr. Rahimi does not now ask them to press charges against any individuals, but seeks "escort[] to the premises." Because Dr. Rahimi has not demonstrated that the defendants caused the violation of a constitutional or statutory right, his request for injunctive relief cannot succeed. *See Dodds*, 614 F.3d at 1193–94.

Dr. Rahimi purports to be the victim of fraudulent activity, perpetrated by management, owners, or other individuals associated with Zermatt Resort. But neither those claims, nor those defendants, are before this court. We conclude that Dr. Rahimi's assertion of a constitutional violation by these defendants fails as a matter of law.

7

**IV.**

Based on the foregoing, we affirm the district court's judgment granting summary judgment for defendants.

                                        Entered for the Court


                                        Allison H. Eid
                                        Circuit Judge