**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

EDWIN ASEBEDO,

        Plaintiff-Appellant,

v.

KANSAS STATE UNIVERSITY,

        Defendant-Appellee.

No. 13-3206
(D.C. No. 6:12-CV-01373-EFM-KGG)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **McKAY**, and **ANDERSON**, Circuit Judges.

_____

Edwin Asebedo appeals the district court's dismissal of his lawsuit against his

employer, Kansas State University (KSU), under Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e-2, 2000e-5.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm in part and reverse in part.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Mr. Asebedo is Hispanic. While he was employed in KSU's Central Mail Services department, he complained that his supervisor and other employees used racial slurs and made derogatory remarks about him. KSU's investigation found in his favor and against his supervisor. But Mr. Asebedo alleges that the harassing behavior continued, and that he experienced retaliation. Accordingly, he filed another internal complaint. KSU's investigation of that complaint concluded there was no retaliation, but the supervisor continued to create a hostile work environment. KSU disciplined the supervisor, but Mr. Asebedo believed that the discipline was inadequate. He filed a charge with the Equal Employment Opportunity Commission (EEOC), and later filed a second EEOC charge. This lawsuit followed.

Mr. Asebedo's amended complaint had two claims, one for race discrimination and one for retaliation. After KSU filed its answer, it filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or, in the alternative, for judgment on the pleadings under Fed. R. Civ. P. 12(c). The district court dismissed Mr. Asebedo's complaint under Rule 12(b)(6). With regard to the race discrimination claim, the district court held that Mr. Asebedo failed to set forth sufficient facts to show that KSU did not respond reasonably to his internal complaints. With regard to the retaliation claim, the district court held that he failed to set forth sufficient facts to show a causal connection between his complaints and the allegedly retaliatory actions. Mr. Asebedo appeals.

*Analysis*

Because KSU filed its motion to dismiss after it filed its answer, the motion was most appropriately considered as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002). But it does not matter for purposes of this appeal, because "[w]e use the same standard when evaluating 12(b)(6) and 12(c) motions." *Id.* That standard is de novo review. *See id.* at 941.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), the Supreme Court created "'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). Plaintiffs are not required to specifically allege all the elements of a prima facie case of discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Nevertheless, "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192. "[G]eneral assertions of discrimination and retaliation, without any details whatsoever of events . . . , are insufficient to

survive a motion to dismiss.  While specific facts are not necessary, some facts are."
*Id.* at 1193 (brackets, citation, and internal quotation marks omitted).

## 1. Race Discrimination Claim

"Although Title VII does not explicitly mention hostile work environment, a victim of a racially hostile work environment may nevertheless bring a cause of action under Title VII." *Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1138 (10th Cir. 2008) (internal quotation marks omitted).  The elements of a hostile work environment claim are:  (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic (in this case, race); and (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment and created an abusive working environment. *See Dick v. Phone Directories Co.*, 397 F.3d 1256, 1262-63 (10th Cir. 2005).

We identify the following specific facts in Mr. Asebedo's amended complaint: (1) he is Hispanic; (2) his supervisor and coworkers uttered racial slurs and made derogatory remarks about him, as well as other racial or ethnic groups; (3) such remarks were made "regularly," Aplt. App. at 87; (4) he filed an internal complaint; (5) KSU's investigation of his complaint supported his allegations and resulted in findings in his favor and against his supervisor; (6) the supervisor was counseled, but continued his harassing behavior; (7) Mr. Asebedo reported "continually harassing and retaliatory incidents to the Associate Vice President for Human Resources and

- 4 -

Parking Services," but then withdrew the allegations due to pressure from that Vice President, *id.* at 88; (8) later, Mr. Asebedo again complained internally of discrimination and retaliation; (9) KSU's investigation of that complaint found that the supervisor continued to engage in racially offensive behavior and violated KSU's anti-discrimination policy; (10) KSU disciplined the supervisor with a one-day suspension with pay, a written warning, and a warning that his employment would be terminated if his behavior continued; (11) Mr. Asebedo considered the discipline inadequate and appealed it within KSU's system; and (12) KSU's Vice President for Administration and Finance issued a final determination.

Although these facts are sparse, they establish that Mr. Asebedo is a member of a protected class and he was repeatedly subjected to unwelcome harassment by his supervisor based on his race. Mr. Asebedo could have set forth additional facts to plausibly demonstrate that the harassment was sufficiently severe or pervasive to constitute a hostile work environment. Importantly, however, he did plead that KSU's own investigations concluded, twice, that Mr. Asebedo's supervisor had created a hostile work environment in violation of KSU's anti-discrimination policies. He also pleaded that in one instance, a university official pressured him to withdraw his report of harassment. Taken together, the amended complaint's factual allegations state a plausible Title VII hostile work environment claim.

The district court granted judgment to KSU because Mr. Asebedo did not plead sufficient facts to show that KSU did not respond reasonably to his internal

complaints. But Mr. Asebedo was not required to plead such facts, because they arise in the context of an employer's affirmative defense, and a plaintiff is not required to anticipate or plead against an affirmative defense.

In *Faragher v. City of Boca Raton*, 524 U.S. 775, 802 (1998), the Supreme Court held that "in implementing Title VII it makes sense to hold an employer vicariously liable for some tortious conduct of a supervisor made possible by abuse of his supervisory authority." To square this principle with an earlier holding that "an employer is not 'automatically' liable for harassment by a supervisor who creates the requisite degree of discrimination," *id.* at 804, the Court held that where a supervisor has not taken a tangible employment action against an employee, "a defending employer may raise an affirmative defense to liability or damages," *id.* at 807; *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). The first element of the *Faragher/Ellerth* affirmative defense is "that the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior." *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765. Therefore, after *Faragher* and *Ellerth*, the reasonableness of an employer's response is the first step in establishing the employer's affirmative defense.

Plaintiffs have no obligation to plead against affirmative defenses. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("What a complaint must plead is enough to show that the claim for relief is plausible. Complaints need

- 6 -

not anticipate defenses and attempt to defeat them."). Therefore, Mr. Asebedo was not required to plead any facts regarding reasonableness, and the district court erred in dismissing the discrimination claim on that ground.

KSU offers an alternative basis to affirm the dismissal of this claim—that Mr. Asebedo did not assert race discrimination as a ground for his EEOC charges, and therefore he failed to exhaust his administrative remedies. Exhaustion of administrative remedies is a jurisdictional prerequisite to a Title VII suit. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

KSU points out that in his first EEOC charge, Mr. Asebedo checked only the box for retaliation, not the boxes for race or national origin discrimination. A failure to check a particular box creates a presumption that a claimant is not making a claim on that ground. *See Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998). We liberally construe an EEOC charge, however, *see Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007), and the presumption can be rebutted by the claimant's narrative statement, *see id.*; *Gunnell*, 152 F.3d at 1260. Here, Mr. Asebedo's attached narrative mentioned that his supervisor made racially focused remarks, KSU investigated, and the investigations found that the supervisor had created a hostile work environment. This could be read merely as background to the claim for retaliation, *see Gunnell*, 152 F.3d at 1260, but for an important point: the narrative concluded by specifically stating that KSU had violated Title VII "because it has engaged in discrimination and retaliation against [Mr. Asebedo],"

Aplt. App. at 121. Without anything more in the record, we cannot conclude that the charge was insufficient to put the EEOC and KSU on notice that Mr. Asebedo was claiming discrimination as well as retaliation. *See Jones*, 502 F.3d at 1186 (a charge preserves a claim that is within "the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory acts alleged in the administrative charge" (emphasis omitted)); *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004) (filing requirement "is intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims"); *Gunnell*, 152 F.3d at 1260 (allegations that identified "the type of discrimination complained of, the alleged harasser, and an approximate time period" were "minimally sufficient to satisfy the requirements for the contents of a charge of discrimination and the purposes of the notice requirement"). Accordingly, based upon the limited record before this court, we decline to affirm the dismissal of the discrimination claim for failure to exhaust administrative remedies.

## 2. Retaliation Claim

The elements of a prima facie case for retaliation under Title VII are: (1) the plaintiff engaged in protected opposition to discrimination, (2) a reasonable employee would have found the alleged retaliatory action to be materially adverse, and (3) there is a causal connection between the protected activity and the alleged retaliatory action. *Khalik*, 671 F.3d at 1193.

*Khalik* held that the plaintiff failed to state a claim for retaliation where her factual allegations failed to establish a "nexus between the person(s) to whom she complained and the person who fired her," and there was "nothing other than sheer speculation to link" the allegedly retaliatory actions "to a discriminatory or retaliatory motive." *Id.* at 1194. Similarly, as the district court explained, Mr. Asebedo's complaint is devoid of any facts that would establish a causal connection between his complaints and the allegedly retaliatory actions. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Accordingly, we affirm the dismissal of the retaliation claim for substantially the same reasons set forth by the district court.

### Conclusion

The judgment of the district court is affirmed as to the retaliation claim. The judgment is reversed as to the employment discrimination claim, and that claim is remanded to the district court for further proceedings.

Entered for the Court

Monroe G. McKay
Circuit Judge