FILED
United States Court of Appeals
Tenth Circuit

March 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GORDON BAUER,

     Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,

     Defendant - Appellee.

No. 15-1275
(D.C. No. 1:14-CV-01746-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

## I.     INTRODUCTION

During his brief incarceration in the Denver County Jail, Gordon Bauer

complained of pain in his leg, ankle, and foot. He received medical treatment while in jail

but his condition ultimately required amputation, which took place after he was released

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from custody. Mr. Bauer filed a complaint against the City and County of Denver (the City) more than two years after his release, claiming the City had subjected him to cruel and unusual punishment by denying him timely access to adequate medical care. The City moved to dismiss the complaint as barred by the statute of limitations and for failure to state a claim, and Mr. Bauer moved to amend his complaint. The district court denied Mr. Bauer leave to amend and granted the City's motion to dismiss. We affirm.

## II.    BACKGROUND[1]

Mr. Bauer alleges in his complaint that he was incarcerated in the Denver County Jail during the months of April and May 2012 under the custody of the Denver Sheriff's Department. During that time, he reported extreme pain in his right leg, ankle, and foot, but "was refused proper medical treatment."

Only after Mr. Bauer complained for several days did the jail employees transport him to a Denver Health medical facility. But while in the care of Denver Health, Mr. Bauer "was not properly cared for." In particular, Denver Health "failed to properly diagnose and treat Mr. Bauer's foot" and instead simply applied bandages and sent him back to jail. After Mr. Bauer continued to complain about the pain, jail employees again took him to Denver Health where he was informed his foot could no longer be saved.

Mr. Bauer was released from jail soon thereafter and saw several physicians in an attempt to save his foot. The physicians each indicated that proper treatment while in jail

[1] We state the facts as alleged in Mr. Bauer's complaint. *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010) (in determining whether a motion to dismiss was properly granted, "[w]e accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party").

2

could have saved his foot but that "[a]s a result of the City's negligence and Denver Health's negligence Mr. Bauer was required to undergo full amputation of his lower leg on June 28, 201[2]."

On June 23, 2014, Mr. Bauer filed a section 1983 complaint against the City that is the subject of this dispute. He alleges the City acted in bad faith and with deliberate indifference to his medical needs and constitutional rights when an unknown individual defendant willfully ignored his repeated requests for medical assistance, and he further claims this indifference led to the amputation of his foot.

On January 2, 2015, the City filed a motion to dismiss, contending that Mr. Bauer failed to timely serve his complaint pursuant to Federal Rule of Civil Procedure 4(m), that his complaint was barred by the statute of limitations, and that he had failed to state a claim upon which relief could be granted. On February 6, 2015, Mr. Bauer filed a motion to amend his complaint together with a proposed amended complaint.

The district court denied Mr. Bauer's motion to amend and also granted the City's motion to dismiss on July 5, 2015. Mr. Bauer timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III. DISCUSSION

On appeal, Mr. Bauer argues the district court erred in: (1) denying his motion to amend the complaint, (2) dismissing the complaint on statute of limitations grounds, and (3) dismissing the complaint for failure to state a claim. We agree with the district court that dismissal was appropriate on either basis and that amending the complaint would have been futile. Accordingly, we affirm.

### A. *Dismissal*

The district court granted the City's motion to dismiss both for failure to state a claim and because Mr. Bauer's complaint was barred by the statute of limitations. We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013). To survive a motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). On review, "[w]e accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

Mr. Bauer has filed suit directly against the City; to establish municipal liability, he is therefore required to show (1) "the existence of a municipal policy or custom" and (2) "a direct causal link between the policy or custom and the injury alleged." *Mocek v. City of Albuquerque*, No. 14-2063, 2015 WL 9298662 at * 14 (10th Cir. Dec. 22, 2015) (quoting *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006)). "Through 'its

4

*deliberate* conduct,' the municipality must have been the 'moving force' behind the injury." *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

Mr. Bauer has failed to plead sufficient facts to support a claim for municipal liability. In his complaint, he makes various allegations against an unnamed "Individual Defendant," claiming this defendant prevented him from gaining access to adequate medical care and further treatment. For example, he claims this defendant "act[ed] in bad faith and with deliberate indifference to Plaintiff's serious medical needs and constitutional rights when he willfully ignored his repeated requests for medical attention and intentionally denied and/or delayed his access to medical care." And he further alleges that "the acts or omissions of Defendant as described herein intentionally deprived Plaintiff of his constitutional rights and were moving forces and substantial significant contributing proximate causes of Plaintiff's injuries."

In his proposed amended complaint, he adds that the City's (specifically the Sheriff's Department's) "unconstitutional policies, customs, [and] practices, as described herein, were the legal proximate cause of the amputation of the Plaintiff's foot" and that the City "has recently been hit with numerous lawsuit[s] and allegations including abuse and failure to provide medical attention to their inmates."

As the district court correctly acknowledged, Mr. Bauer's complaint contains insufficient allegations to support a claim that the *City* "was the 'moving force'" behind the alleged constitutional violation. *Brown*, 520 U.S. at 404. Indeed, allegations that an "Individual Defendant" was the cause of Mr. Bauer's inadequate access to medical

5

treatment are insufficient because "[a] municipality is not liable solely because its employees caused injury." *Mocek*, 2015 WL 9298662 at * 14.

Furthermore, the complaint lacks allegations to support a claim that the City's established practice was to withhold timely and adequate access to medical care. On appeal, Mr. Bauer recognizes that such a practice "need not be codified and may be evidenced by a widespread practice so permanent and well settled as to constitute a custom or usage having the force of law." But his complaint contains allegations about only a single incident—the treatment of Mr. Bauer's medical complaints during his incarceration.

The district court also correctly concluded the action is barred by the statute of limitations. "Plaintiffs have no obligation to plead against affirmative defenses," including a statute of limitations defense. *Asebedo v. Kan. State Univ.*, 559 F. App'x. 668, 671 (10th Cir. 2014) (unpublished). But "when the dates given in the complaint make clear that the right sued upon has been extinguished," dismissal under 12(b)(6) is appropriate. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Such a defense can only serve as a basis for dismissal, however, if "the allegations in the complaint suffice to establish that ground." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Based on the allegations in Mr. Bauer's complaint, dismissal was warranted on statute of limitations grounds. As the district court aptly explained in its order, Mr. Bauer's claim was subject to a two-year statute of limitations that accrued on the date he knew or should have known his constitutional rights had been violated. Colo. Rev. Stat. § 13-80-102(1)(g); *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (Section

6

1983 claims founded on alleged constitutional violations "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." (internal quotation marks omitted)). Mr. Bauer claims he was subject to cruel and unusual punishment when he was denied access to appropriate medical care while incarcerated "in April of 2012 through May of 2012." Even taking the latest of these dates, Mr. Bauer's action is barred by the expiration of the limitations period.

On appeal, Mr. Bauer maintains that his claim accrued on the date of his amputation—June 28, 2012. But his alleged injury is not the amputation itself, which occurred after he was released from custody; it is the alleged cruel and unusual punishment during his incarceration, manifested by deliberate indifference to his medical needs. Although Mr. Bauer asserts this indifference led to the amputation, he acknowledges in his complaint that he became aware his foot could not be saved before he was released from custody in May 2012. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004) ("[W]e focus on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm."). Because the dates on the face of Mr. Bauer's complaint "make clear that the right sued upon ha[d] been extinguished" at the latest in May 2014 (two years after his release), the district court correctly concluded that Mr. Bauer's claim brought in June 2014 was barred by the statute of limitations. *Aldrich*, 627 F.2d at 1041 n.4.

## B. *Motion to Amend*

Mr. Bauer further claims the district court erred in denying his motion to amend his complaint. "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And "we will not reverse the court's decision 'absent an abuse of discretion.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002)). Leave should be "freely give[n]," Fed. R. Civ. P. 15(a)(2), but a court may properly deny leave for various reasons, including undue delay or "futility of amendment," *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). As a result, "[t]he futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews *de novo.*" *Id.*

On appeal, Mr. Bauer contends the district court did "not give any specifics on how the Amended Complaint if allowed would fail to state a claim for relief" and "failed [to] look at the amended complaint in its analysis and accept all factual allegations as true." But in ruling on Mr. Bauer's motion to amend, the district court considered all of the allegations in Mr. Bauer's proposed amended complaint and assumed them to be true. The district court nevertheless found the additional allegations insufficient to support a claim for municipal liability.

We agree that Mr. Bauer's proposed amended complaint added little to his claim. He merely noted that "[t]he Sheriff names that were involved are unknown to the Plaintiff" and that the Sheriff's Department's "unconstitutional policies, customs, [and] practices, as described herein, were the legal proximate cause of the amputation of the Plaintiff's foot." To support this position, he asserted that "the City has recently been hit with numerous lawsuit[s] and allegations including abuse and failure to provide medical attention to [its] inmates." But vague notions of pending lawsuits and a conclusory statement of the Sheriff's Department's customs fail to provide the factual allegations that withholding medical care was the City's pattern or practice. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) ("[A] plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of her specific injury or that it was the moving force behind her deprivation."). The district court therefore properly dismissed Mr. Bauer's complaint for failure to state a claim pursuant to Rule 12(b)(6).

As amendment would have been futile, the district court did not abuse its discretion in denying Mr. Bauer's motion to amend.

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order granting the

City's motion to dismiss and denying Mr. Bauer's motion to amend.

Entered for the Court

Carolyn B. McHugh
Circuit Judge