FILED
United States Court of Appeals
Tenth Circuit

April 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALBERT DEWAYNE BANKS,

    Plaintiff - Appellant,

v.

GEARY COUNTY DISTRICT COURT;
DAVID PLATT, District Court Judge,
Geary County District Court; STEVEN
OPAT, District Attorney, Geary County,
Kansas,

    Defendants - Appellees.

No. 15-3308
(D.C. No. 5:14-CV-03199-SAC-DJW)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

After examining the briefs and appellate record, the panel has determined

unanimously that oral argument would not materially assist in the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Albert Dewayne Banks, a prisoner currently in federal custody and proceeding

pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, in

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which he alleges that the Geary County District Court in Kansas, as well as Kansas state officials, violated Kansas state law and his Sixth Amendment right to counsel. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I.    BACKGROUND

This cases arises out of Mr. Banks's complaint, filed in the United States District Court for the District of Kansas, seeking relief pursuant to 42 U.S.C. § 1983 against the Geary County District Court, Geary County District Judge Platt, and Geary County Attorney Opat (Defendants). Mr. Banks alleges Defendants violated his right to counsel under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Kansas state law. He also alleges they violated his right to discovery and inspection pursuant to section 22-3212 of the Kansas criminal code. KAN. STAT. ANN. § 22-3212.

These allegations stem from Mr. Banks's May 8, 2013 arrest on state drug charges (the State Prosecution) and his appearance in Geary County District Court the following day. On May 8, after his arrest, Mr. Banks filed an application for defense services, together with a financial affidavit to corroborate his claim of indigence. During his first appearance the following day, Judge Platt denied Mr. Banks appointed counsel, finding him not indigent.

After being denied state-provided counsel, Mr. Banks appeared pro se in the State Prosecution. At a status hearing on May 16, 2013, the court reaffirmed its determination that Mr. Banks was not indigent and remanded Mr. Banks to state custody because he had not posted the bond set as a condition of pretrial release.

2

Nine days later, on May 27, 2013, Mr. Banks submitted a "Motion for Appearance" to the Geary County District Court and to Mr. Opat, requesting a hearing and asking them to deliver information to him, so he could proceed with his pro se defense in the State Prosecution. In his motion, Mr. Banks notes he was deemed indigent and granted the assistance of appointed counsel in a separate criminal case in the Kansas state courts. No hearing was ever scheduled on Mr. Banks's Motion for Appearance. Instead, the State Prosecution against Mr. Banks was dismissed without prejudice the following week when a federal grand jury indicted Mr. Banks (the Federal Prosecution). Mr. Banks was transferred from state to federal custody on the same day, June 3, 2013.

Mr. Banks filed the civil complaint that is the subject of this appeal in federal district court on October 22, 2014, alleging he was deprived of his constitutional right to counsel in the State Prosecution and requesting damages in the amount of $5 million (the Civil Action). On the same date he filed a motion for leave to proceed in forma pauperis (IFP), which was granted. He later filed an amended complaint on November 24, 2014 (Amended Complaint), describing in greater detail his allegations against Judge Platt and Mr. Opat but eliminating any mention of claims against the district court. In his Amended Complaint, Mr. Banks requests injunctive relief in addition to compensatory and punitive damages. He further alleges that, had he been granted appointed counsel in the State Prosecution, he would have been able to suppress evidence obtained from a state wiretap that was also at issue in his then-pending Federal Prosecution. While this case was proceeding, Mr. Banks was tried

3

and convicted in the Federal Prosecution on June 23, 2015. His direct criminal appeal of that conviction is currently pending before this court, No. 15-3324, *United States v. Banks*.

The federal district court screened Mr. Banks's Amended Complaint pursuant to 28 U.S.C. § 1915A(a)[1] and on July 21, 2015 entered an order to show cause why the Civil Action should not be dismissed because of the complaint's multiple deficiencies. In examining the Amended Complaint, the court concluded (1) the Geary County District Court was not a proper defendant; (2) judicial immunity barred suit against Judge Platt; and (3) absolute immunity barred suit against Mr. Opat. The order also provided several additional bases for dismissing the Amended Complaint, including the fact that Mr. Banks's § 1983 claims are in part based on alleged violations of Kansas state statutes, rather than federal statutes or the U.S. Constitution.

On August 17, 2015, Mr. Banks filed a motion asking the court to consolidate the Civil Action with a separate § 1983 action in which Mr. Banks challenges the propriety of the state wiretap used to gather evidence against him. On the same date he filed a Proposed Second Amended Complaint, alleging that judicial immunity does not apply. He also asked the court to enter an order preventing the Federal Prosecution from proceeding until his § 1983 claims are resolved.

---

[1] This section requires a court to review "before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner [proceeding in forma pauperis] seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

4

On November 24, 2015, the district court, acting sua sponte, dismissed Mr. Banks's Amended Complaint for failure to state a claim under 28 U.S.C. § 1915.[2] The court also denied Mr. Banks's motion to amend/consolidate, concluding the dismissal rendered the motion moot and that Mr. Banks failed to demonstrate that the cases involved a common question of law or fact pursuant to Federal Rule of Civil Procedure 42(a).

Mr. Banks timely appealed the district court's orders dismissing his Civil Action, denying his motion to further amend the complaint, and denying his motion to consolidate. The district court granted him leave to proceed IFP on appeal. Mr. Banks argues on appeal that his right to counsel was violated at a critical stage of the State Prosecution, that no immunities applied, and that the federal district court therefore erred in dismissing his Civil Action.

## II.    DISCUSSION

### A. *The District Court Properly Dismissed Mr. Banks's Complaint for Failure to State a Claim*

We review de novo a district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). And although we construe Mr. Banks's pro se

---

[2] This Section provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

pleadings liberally,[3] "our role is not to act as his advocate." *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). "We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay*, 500 F.3d at 1217; *see also McKinley v. Maddox*, 493 F. App'x. 928, 931 (10th Cir. 2012) (same). That is, to determine whether Mr. Banks has sufficiently stated his claims, we accept as true the well-pled factual allegations and consider whether he has provided "enough facts to state a claim to relief that is plausible on its face." *See Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

Because Mr. Banks is bringing his claims pursuant to § 1983, his Amended Complaint "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Amended Complaint must therefore "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" as to the specific constitutionally impermissible actions allegedly committed by each named defendant to survive a motion to dismiss as to each defendant. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "Conclusory allegations are not enough to withstand a motion to dismiss." *Gallagher*, 587 F.3d at 1068. And

---

[3] "This liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (internal quotation marks omitted).

6

courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

In dismissing Mr. Banks's Amended Complaint for failure to state a claim, the court first determined that Judge Platt and County Attorney Opat (as prosecutor) both enjoyed absolute immunity from suit. In his Proposed Second Amended Complaint, Mr. Banks contends that Judge Platt lacked immunity because he acted in the complete absence of jurisdiction; he also claims Mr. Opat should not enjoy qualified immunity because he "failed to disclose all information" related to Mr. Banks's State Prosecution so he could prepare his defense.

Absolute and qualified immunity are both affirmative defenses, and plaintiffs ordinarily "have no obligation to plead against affirmative defenses." *Asebedo v. Kan. State Univ.*, 559 F. App'x. 668, 671 (10th Cir. 2014) (unpublished). That said, "a district court may, in certain limited circumstances, properly dismiss under § 1915 based on an affirmative defense." *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006). But sua sponte dismissal based on affirmative defenses "should be reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense." *Id.* at 1217 (internal quotation marks omitted). As a result, courts should consider the defense "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Id.* (internal quotation marks omitted). And a court may dismiss on the basis of absolute or qualified immunities "only if 'it is clear that [the plaintiff] can allege no set of

7

facts'" to negate the immunities. *See id.* (quoting *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985)). This case falls within those extraordinary circumstances where it is obvious from the face of the complaint that Mr. Banks's claims cannot survive the immunity defenses.

To begin, we agree with the district court that Judge Platt was clearly entitled to absolute immunity from suit. In his various pleadings, Mr. Banks requests injunctive relief and damages against Judge Platt, but as we have stated previously, "[j]udicial officers are explicitly immunized not only against damages but also against suits for injunctive relief under 42 U.S.C. § 1983."[4] *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010) (unpublished) (citing *Roth v. King*, 449 F.3d 1272, 1286–87 (D.C. Cir. 2006)). Mr. Banks attempts to avoid this conclusion by contending that Judge Platt's decision to deny appointment of counsel was made in the total absence of jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (explaining that judges are entitled to absolute immunity from suit except when acting in the clear absence of jurisdiction or when taking nonjudicial actions). But as the district court correctly acknowledged, Mr. Banks's argument went to the merits of Judge Platt's determination, rather than his lack of jurisdiction. And Mr. Banks cannot reasonably dispute whether Judge Platt, the state judge presiding over

---

[4] Pursuant to the Federal Courts Improvement Act of 1996, § 1983 now provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. It is clear from the face of Mr. Banks's pleadings that neither statutory exception applies.

the State Prosecution, had jurisdiction to determine Mr. Banks's indigent status and thereby his entitlement to state-appointed counsel. Because Mr. Banks "can allege no set of facts" that would strip Judge Platt of his absolute immunity from suit, dismissal was warranted under § 1915 for failure to state a claim.

Dismissal of Mr. Banks's claims against Mr. Opat was similarly appropriate. In his various pleadings, Mr. Banks contends that Mr. Opat violated Kansas state law in failing to provide him with the information necessary to prepare his defense. But "[t]o the extent that [Mr. Banks] seeks relief for alleged violations of state statutes . . . , he has stated no cognizable claim under § 1983, which establishes a cause of action only for deprivation of rights secured by the Constitution or federal law." *Trujillo*, 465 F.3d at 1214 n.2 (internal quotation marks omitted).

Mr. Banks has also failed to state a claim on his constitutional allegations against Mr. Opat. In his Amended Complaint, which we construe liberally, and his Proposed Second Amended Complaint, Mr. Banks alleges that Mr. Opat, together with a number of other "officers of the court," engaged in a policy to deprive defendants of counsel and to "assist[] Judge Platt in his conduct of denying [Mr. Banks] his right to counsel" in an apparent effort to aid the issuance of a federal indictment. He also claims they remained silent and failed to report Judge Platt's "conduct to the proper officials."

The district court properly dismissed these remaining allegations for several reasons. First, Mr. Opat was at the very least entitled to qualified immunity for his role in Mr. Banks's state prosecution. *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th

9

Cir. 1994) (noting that state prosecutors are entitled to absolute or qualified immunity, depending on the nature of their activities). To overcome the defense of qualified immunity, Mr. Banks "must allege facts showing that [Mr. Opat], either through his personal participation in [Mr. Banks's] treatment or the promulgation of a policy, violated a clearly established constitutional right." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Mr. Banks failed to do so. The only allegation in his Amended Complaint with respect to Mr. Opat's personal participation is that Mr. Opat informed Judge Platt that Mr. Banks had been appointed counsel in a separate state criminal case—a fact Mr. Banks cites as support for his claim that he was entitled to appointed counsel in the State Prosecution.

To the extent Mr. Banks's Proposed Second Amended Complaint adds additional allegations related to his deprivation of counsel claim, it "fails to isolate the allegedly unconstitutional acts of" Mr. Opat or any other proposed defendant. *Id*. at 1165 (internal quotation marks omitted). "[I]t is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacity that the complaint make clear exactly who is alleged to have done what to whom as distinguished from collective allegations." *Id*. (internal quotation marks and ellipses omitted). Dismissal was therefore warranted.

### B. *Motion to Consolidate, Payment of Fees, and PLRA Strike*

We next review the district court's denial of Mr. Banks's motion to amend or consolidate his § 1983 cases. First, the court did not abuse its discretion in denying

10

Mr. Banks leave to further amend the Complaint. "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And "we will not reverse the court's decision absent an abuse of discretion." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). Because Mr. Banks's Proposed Second Amended Complaint fails to cure the deficiencies in his Complaint and Amended Complaint, amendment would have been futile and dismissal was warranted. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). We therefore affirm the district court's dismissal of the motion to amend.

Moreover, where the district court had properly dismissed the Amended Complaint and denied the motion to file the Proposed Second Amended Complaint, there was no longer any § 1983 action pending here that could be consolidated with Mr. Banks's separately-filed § 1983 action. As a result, the district court correctly denied the motion to consolidate as moot.

Because we affirm the district court's dismissal of Mr. Banks's action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we also impose one "strike" against Mr. Banks under the Prison Litigation Reform Act, *id*. § 1915(g), and it is counted as such immediately. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."). And we remind Mr. Banks that he is

11

obligated under his IFP status to continue making partial payments until payment of all assessed costs and fees is complete, pursuant to the district court's order dated January 20, 2016.

### III. CONCLUSION

Because Mr. Banks fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we AFFIRM the district court's dismissal. We also AFFIRM the district court's denial of Mr. Banks's motion to consolidate/amend and impose one strike against Mr. Banks pursuant to 28 U.S.C. § 1915(g). Mr. Banks is further reminded of his obligation to make partial payments of his remaining fees and costs in this action, pursuant to the district court's order.

Entered for the Court

Carolyn B. McHugh
Circuit Judge